MODIFIED: SEPTEMBER 18, 2014

TO BE PUBLISHED

FINAL

*Supreme Court of Kentucky*

2014-SC-000457-KB

DATE 9-30-14 *En\/Grou/r\/,P.C.*

STEVEN O. THORNTON                                                 MOVANT

V.                        IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                              RESPONDENT

## OPINION AND ORDER

Applicant, Steven O. Thornton, KBA Member No. 70895, bar roster address 1011 Lehman Avenue, Suite 102, Bowling Green, Kentucky 42103, was admitted to the Kentucky Bar on November 1, 1983. On February 21, 2013, he was suspended from the practice of law for 181 days and ordered to refund money to two clients and pay the costs of the proceeding. *See Kentucky Bar Ass'n v. Thornton*, 392 S.W.3d 399 (Ky. 2013). This suspension was based on three separate disciplinary matters, KBA File Nos. 8632, 9528, and 9651.

Thornton applied for reinstatement on August 9, 2013 under SCR 3.510. His application contained all the materials required by that rule. His application included letters and affidavits from former clients, other lawyers, judges, and members of his community, all supporting his reinstatement and attesting to his good moral character and fitness to practice law. He has met all of the conditions imposed by this Court's previous decision.

Because of the length of his suspension, under SCR 3.510(3), Thornton was required to proceed before the Character and Fitness Committee for a review. The Committee undertook an investigation into Thornton's character,

fitness, and moral qualifications for readmission, and concluded that he should be readmitted to the practice of law. Specifically, the Committee found that (1) Thornton had complied with the terms of his suspension order; (2) he carried his burden to establish that he is worthy of the public trust; (3) that he carried his burden to establish that he possesses sufficient professional capabilities; (4) he carried his burden to establish that he presently exhibits good moral character; and (5) he exhibited appropriate contrition, remorse, and rehabilitation.

Bar Counsel has not objected to Thornton's reinstatement. The Board of Governors has considered the entire record, including matters leading up to Thornton's suspension from the practice of law and subsequent events, the findings and recommendation of the Character and Fitness Committee, and the position of Bar Counsel. The Board determined that Thornton met all the standards for reinstatement to the practice of law contained in SCR 3.510 and SCR 2.300 and that he had completed all administrative steps necessary to be considered for reinstatement, including completing his CLE requirement for the year ending June 30, 2015. The Board also determined that Thornton's conduct since his suspension has demonstrated the appropriate degree of rehabilitation necessary to support his reinstatement and that he has accepted full responsibility for his actions that led to his suspension. Thus, by an 18 to 0 vote, the Board recommended that this Court reinstate Thornton.

This Court, finding no reason to disagree with the Board, adopts its recommendation, and therefore ORDERS:

2

1. That Steven O. Thornton be reinstated to the practice of law in the Commonwealth of Kentucky.

2. That Thornton pay the costs of this proceeding as certified by the Executive Director of the Kentucky Bar Association, and which total $380.41, as required by SCR 3.510(1). Such costs are payable from the bond posted by Thornton as required under SCR 3.510(1), with additional costs, if any, due from Thornton.

Abramson, Cunningham, Keller, Noble, Scott and Venters, JJ., concur. Minton, C.J., not sitting.

ENTERED: September 18, 2014.

DEPUTY CHIEF JUSTICE

3

# Supreme Court of Kentucky

2014-SC-000457-KB

STEVEN O. THORNTON                                              MOVANT

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                              RESPONDENT

## ORDER

On the Court's own motion, this Court hereby modifies the Opinion and Order rendered September 18, 2014 in the above-styled case by the substitution of a new Opinion and Order as attached hereto in lieu of the Opinion and Order as originally entered. Said modification does not affect the holding.

Entered: September 18, 2014.

_____
DEPUTY CHIEF JUSTICE